IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

H&R BLOCK FINANCIAL ADVISORS, INC., :

      Plaintiff, :

  v. :   No. **06 0057**

J. DEREK MAJKOWSKI, GEORGE SHIRLEY, :
and JUSTIN ROMERO,

      Defendants. :

## ORDER

This case came before the Court on the 13th day of January, 2006, upon the Complaint, the Emergency Motion of Plaintiff and the Affidavit submitted therewith, at which time the Court found as follows:

    1.    The rights of Plaintiff H&R Block Financial Advisors, Inc. ("HRBFA") with respect to its property, proprietary and confidential information, competitive interests, and contracts with Defendants are being and will continue to be violated by Defendants unless Defendants are restrained therefrom;

    2.    HRBFA has shown a likelihood of success on the merits of its claims;

    3.    HRBFA will suffer irreparable harm and loss if Defendants are permitted to (a) misuse the confidential business information of HRBFA for Defendants' own personal use and benefit, and that of Defendants' new employer, and (b) solicit and contact HRBFA clients;

    4.    HRBFA has no adequate remedy at law; and

    5.    Greater injury will be inflicted upon HRBFA by the denial of temporary injunctive relief than would be inflicted upon Defendants by the granting of such relief, and an injunction serves the public interest.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

1. Defendants are enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of Defendants' current employer, SunTrust ("SunTrust"), until hearing and thereafter until further Order of this Court, from:

    (a) contacting, soliciting or calling upon, any person or entity that was a customer of HRBFA, whom Defendants serviced or whose name became known to Defendants, while employed with HRBFA (the "Customers"), for the purpose of or in connection with selling any products or services similar to or in competition with those offered by HRBFA (excluding members of Defendants' immediate family);

    (b) contacting, soliciting, or calling upon any person or entity that was not yet a client of HRBFA but was solicited by, or otherwise had business contact with, Defendants or other HRBFA agents or employees (the "Prospects") for the purpose of or in connection with selling any products or services similar to or in connection with those offered by HRBFA (excluding members of Defendants' immediate family);

    (c) using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of HRBFA, including, but not limited to, the names, addresses and financial information of HRBFA's Clients and Prospects;

    (d) destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Defendant's possession or control which were obtained from or contain information derived from any

HRBFA records, which pertain to HRBFA Clients or Prospects, or which relate to any of the events alleged in the Complaint in this action;

2. Defendants, and anyone acting in active concert or participation with Defendants, including any agent, employee, officer or representative of Defendants' current employer, SunTrust, are further ordered to return to HRBFA's counsel any and all records, documents and/or information pertaining to HRBFA customers, whether in original, copied, computerized, handwritten or any other form, and including without limitation the names, addresses, phone numbers, fax numbers, e-mail addresses and financial holdings of such customers, and to purge any and all such information from their possession, custody, or control within 24 hours of service upon Defendants of this Order; provided, however, that any information so purged shall be printed prior to purging and returned to HRBFA's counsel pursuant to the terms of this paragraph and consistent with the restrictions of paragraph (1)(d) above;

3. This Order shall remain in full force and effect until ~~such time as this Court specifically orders otherwise;~~ *upon on January 23, 2006, unless extended by order of this Court.*

4. This Order is effective immediately, conditioned upon HRBFA giving security in the amount of $100,000 by no later than January 17, 2006;

5. Defendants shall appear before this Court at 10 a.m. on the 23rd day of January, 2006 and show cause if any they have why the temporary restraining order should not be made a preliminary injunction to remain in full force and effect pending further order of the Court;

6. Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the

parties are directed to proceed with an expedited arbitration in accordance with the Rule 10335 of the NASD Code of Arbitration Procedure.

_____

UNITED STATES DISTRICT JUDGE

COPIES TO:

Robert C. Gill, Esquire
SAUL EWING, LLP
1025 Thomas Jefferson Street, N.W.
Suite 425W
Washington, D.C. 20007


Christopher P. Stief
Saul Ewing LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, Pennsylvania 19102


Justin Romero
9701 Fields Road, #601
Gaithersburg, Maryland 20878


J. Derek Majkowski
1522 Brookside Road
McLean, Virginia 22101


George Shirley
3835 N. 9th Street, #306W
Arlington, Virginia 22203


Vernon W. Johnson, III Esquire
Jackson & Campbell
1120 Twentieth St., NW
South Tower
Washington, DC 20036-3437