IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

H&R BLOCK FINANCIAL ADVISORS, INC.  :
:
        Plaintiff,  :
:
v.  :  No.
:
:
J. DEREK MAJKOWSKI, JUSTIN ROMERO,  :
and GEORGE SHIRLEY  :
:
        Defendants.  :

## SUPPLEMENTAL DECLARATION OF MICHAEL BREZOVEC

    I, Michael Brezovec, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am the Complex Manager responsible for a group of offices of H&R Block Financial Advisors, Inc. ("HRBFA"), including the Washington, D.C. office. I submit this Supplemental Declaration in further support of HRBFA's request for a temporary restraining order and preliminary injunctive relief against J. Derek Majkowski, George Shirley and Justin Romero ("Defendants"), and specifically to provide the Court with additional information about the Defendants' breaches of their Agreements that has come to light since I submitted my initial Declaration..

    2.    Just this morning we learned from a client formerly serviced by the Defendants that the client received a package today from the Defendants at SunTrust. The client indicated that it was an extensive package, including account transfer forms, as well as a large quantity of information about SunTrust. We are trying to obtain a copy of this mailing, and will

provide it to the Court as soon as it is available. This news makes clear that the Defendants are continuing – and indeed escalating – their campaign of improperly soliciting HRBFA clients to follow them to SunTrust. I expect that this is just one example of what may be a mass solicitation mailing effort that has been sent, or is in the process of being sent, to HRBFA clients.

3. The Defendants signed simple Agreements that prohibited them from contacting or soliciting HRBFA clients to follow them to a new employer. In exchange for this simple promise, the Defendants received extensive benefits from HRBFA. Yet now they are doing everything in their power to exploit their knowledge of and access to HRBFA clients in an effort to pirate away these clients and their commission revenue potential.

4. In addition, late in the day yesterday we learned that the Defendants had succeeded in convincing a client to transfer the client's account to them at SunTrust. A client reported to us that one or more of the Defendants met with that client in person on Wednesday, January 11, 2006, and asked the client to sign an automated customer account transfer form, which is the paperwork necessary to effectuate a transfer of the client's account. The client advised us that the client is transferring the account to Defendants' new employer, SunTrust.

5. Finally, it now is clear to me that the Defendants have confiscated from HRBFA, and are now using for their own benefit and the benefit of SunTrust, records or information relating to the HRBFA clients they formerly serviced. I believe this because it would not be possible for the Defendants to prepare and dispatch mailings – such as the mailing described in paragraph 2 above – without having access to confidential customer lists and/or other customer information that was removed or improperly retained upon their departure from HRBFA. In addition, we recently attempted to retrieve certain records from a the file of a client

that was previously serviced by the Defendants. Although we were able to locate the file, the contents were missing. The missing records are the type of records that are routinely maintained and would normally have been expected to be in a file such as the empty file we found (indeed, it would be highly unusual to keep an empty file folder for a client). We are conducting further investigation as to determine whether other files are missing.

6. Now that we have learned that the Defendants are continuing and escalating their campaign of solicitation, which they began before they had even resigned from HRBFA and while Mr. Majkowski was still operating as our Branch manager, I respectfully suggest to the Court that it is all the more important that the Defendants be ordered to comply with their Agreements immediately by ceasing all solicitation and contacting of HRBFA clients, and returning any records or information relating to HRBFA clients. The clients serviced by these Defendants represented more than 65% percent of the 2005 revenues for HRBFA's Washington, D.C. office. At this time, it is impossible to determine how many of these clients may be pirated away by the Defendants' solicitations if their improper solicitations are allowed to continue, but if the Defendants are permitted to continue and intensify their campaign of solicitation over the upcoming three-day holiday weekend, the Defendants are poised to inflict substantial and irreparable damage to our Washington, D.C. office.

I hereby declare under penalties of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

_____
Michael Brezovec

Dated: January 13, 2006