**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

H&R BLOCK FINANCIAL ADVISORS,    :
INC.,                            :
                                 :
          Plaintiff,             :
                                 :
     v.                          : Civil Action No. 06-0057 (JR)
                                 :
J. DEREK MAJKOWSKI, *et al.*,    :
                                 :
          Defendants.            :

**MEMORANDUM ORDER**

The defendants in this departing broker case are
registered representatives who worked for plaintiff H&R Block
Financial Advisors, Inc. until January 9, 2006, when they
resigned and immediately began efforts to take as much of their
business as they could to their new employer, Sun Trust
Investment Services, Inc.  The defendants had intended to resign
on January 13, the Friday before a long weekend, but they
hastened their departure when H&R Block got wind of their plans.
H&R Block immediately sought injunctive relief.  I heard their
application for a temporary restraining order on January 13 and
granted it, setting the preliminary injunction motion down for
hearing on January 23, 2006.  At the close of that hearing, I
advised the parties that the TRO would be extended until the
close of business January 24, 2006.  This memorandum -- more of
an outline than an opinion in order to meet the January 24

deadline -- explains why the TRO will be allowed to lapse and the motion for preliminary injunction will be denied.

In recent years, the securities industry has come to grips with the serious public policy problems presented by its very restrictive employment contracts.  NASD Rule 11870 and NASD Interpretive Materials 2110-7 make it clear that clients must have free access to registered representatives of their choice and that "it is inconsistent with just and equitable principles of trade for a member or person associated with a member to interfere with a customer's request to transfer his or her account in connection with the change in employment of the customer's registered representative. . . ."

One of the registered representatives in this case, J. Derek Majkowski, signed a contract with H&R Block in 1994 that might justly be said to require him to "disappear from the face of the earth" if he should resign.  By its terms, the contract prohibited him, for three years, from performing brokerage business services for or accepting brokerage from any H&R Block customers with whom he had contact, from contacting or soliciting any such customers, from notifying such customers that he had resigned or where he is now employed, and even from complying with the request of a former customer to be served.  Justin Romero signed a contract, some years later, that imposed many of the same prohibitions on his conduct, although only for one year.

George Shirley's contract was the least restrictive -- it prohibited him from calling upon or soliciting business from former customers, but it also prohibited him from "tak[ing] a buy or sell order" from such customers.

H&R Block does not seek here to enforce the severe restrictions that those contracts would impose, perhaps recognizing that the law has moved on since they were signed and that the policies announced by the NASD restriction and Interpretive Material reflect the more dynamic and client-oriented commercial atmosphere that exists today.  But H&R Block invokes the severability clauses found in all three contracts and seeks to restrain the defendants at least from active solicitation of former H&R Block customers.

I was persuaded to grant the temporary restraining order on January 13 primarily by plaintiff's verified assertions that the defendants had left surreptitiously, that they had taken confidential materials from H&R Block files, and that they had indeed planned to make their break at the close of business before a long weekend in order to take maximum advantage of the surprise factor.  Now that H&R Block has responded to the motion for preliminary injunction, however, the record establishes that, although the defendants made off with a list of names and addresses of their former clients, the list has been returned, that H&R Block has taken steps to assign new account

- 3 -

representatives to their clients to mitigate the problems that
the departure of the three registered representatives undeniably
caused them, that at least some Block employees have employed
their own response tactics, letting it be known that the
defendants were "fired" from their employment, and that the
midnight departure tactics employed by the three departed brokers
was behavior that to some extent was learned in H&R Block's own
school.

A court considering a motion for preliminary injunction
must consider, and balance, four factors:

Irreparable harm.  Numerous courts have found that the
damage caused to the employer in a departing broker situation is
irreparable.  It is certainly correct that such damage cannot be
accurately measured, but that, as I understand it, is one of the
reasons for the NASD's arbitration process.  Irreparable injury
certainly weighs on the plaintiff's side of the scale, but its
weight is not substantial.

Relative burdens.  H&R Block complains that the
departure of these three registered representatives potentially
means the loss of sixty percent of the business of the
Washington, D.C. office.  For the defendants, who are
individuals, a significant restraint on their ability to solicit
clients and earn commissions on client business has a heavier

weight than the loss of business from one office of a large
corporate entity.

Public interest.  The NASD materials referred to
earlier lay out what I believe to be the correct version of the
public interest, which is indifferent to whether H&R Block or
SunTrust is more successful in the marketplace and which is
focused on the needs of the investing public.  If the public
interest has any weight in the calculations presented by this
case, it weighs on the side of open competition and vigorous
solicitation -- on the defendants' side, in other words.

Likelihood of success on the merits.  This fourth
factor is normally discussed first, but in this case it is
difficult to evaluate.  Its weight, and where the weight should
be placed, depends upon the answers to a number of questions:
Does Michigan or District of Columbia law apply?  Do the
severability provisions of the contracts and the case law
involving "blue-lining" of contracts support H&R Block's view
that I can grant the limited relief they seek, or are the
defendants correct that I am being asked to "rewrite" their
contracts?  Does the alleged "partnership" of the three
registered representatives have any impact on likelihood of
success on the merits?  If so, which way does it cut?  While
these are interesting questions, they require more time for
analysis than the business of securities brokerage business

allows.  They need to be taken up, if at all, in the NASD
arbitration that lies before the parties.

What finally tips the scale in favor of the defendants
is their undisputed assertion that H&R Block's standard operating
procedure for recruitment and hiring instructs and encourages
just the kind of behavior about which H&R Block is now
complaining.  H&R Block protests that the defendants have not
precisely raised an unclean hands defense, and perhaps they have
not, but the Majkowski affidavit, as amplified at the oral
argument, appears to establish that what happened in this case is
business as usual in the brokerage community, that this is a
competitive industry in which registered representative and their
employers live by the sword and die by the sword, and that the
employment of the extraordinary remedy of injunction in this
dynamic milieu is unwise.

It is tempting to extend the injunctive relief granted
on January 13 for another fifteen or twenty days as a way of
invoking the accelerated procedures of NASD arbitration.  Indeed,
if I understand the NASD procedures correctly, they seem to
encourage the granting of preliminary relief so that judges can
pass off the responsibility of dealing with these cases with the
assurance that "someone else" will deal with them soon.  H&R
Block has not made a sufficient showing of urgency in this court
to warrant further extension of the temporary relief they have

enjoyed, however.  If they have a better case to make before the arbitration panel, they can seek injunctive relief there.

The motion for preliminary injunction [4] is **denied.**


JAMES ROBERTSON
United States District Judge