IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

H&R BLOCK FINANCIAL ADVISORS, INC.    :
    :
           Plaintiff,    :
    :
    v.    :    No.  1:06-CV-00057 (JR)
    :
    :
J. DEREK MAJKOWSKI, JUSTIN ROMERO,    :
and GEORGE SHIRLEY,    :
    :
           Defendants.    :

**PLAINTIFF'S EMERGENCY FEDERAL RULE OF APPELLATE PROCEDURE 8(a)
MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff H&R Block Financial Advisors, Inc. ("HRBFA") hereby moves, pursuant to Federal Rule of Appellate Procedure 8(a)(1)(c), for a temporary restraining order and/or preliminary injunction pending appeal, and in support thereof states as follows:

**Procedural Background**

1.    On January 12, 2006, HRBFA filed its motion with the Court seeking a temporary restraining order and preliminary injunction pending expedited arbitration before the National Association of Securities Dealers ("NASD"). HRBFA hereby expressly incorporates by reference herein its previously filed Complaint, motion for temporary restraining order and/or preliminary injunction, the declarations of Michael Brezovec, the admissions and representations made by counsel at oral argument before the Court, HRBFA's memorandum of law in support of its motion for temporary restraining order and/or preliminary injunction, and HRBFA's reply memorandum in further support of motion for temporary restraining order.

2.    On January 13, 2006, the Court held a hearing on the motion for temporary restraining order, and after taking argument from counsel for both parties, the Court

granted a temporary restraining order (the "Restraining Order") and set the motion for preliminary injunction down to be heard on January 23, 2006.

3.    On January 23, 2006, the Court heard oral argument from counsel on the application for preliminary injunction.  At the conclusion of the hearing, the Court extended the temporary restraining order until the close of business on January 24, 2006, indicating that a ruling would be made on the motion for preliminary injunction by that time.

4.    After reviewing Defendants' opposition memorandum, and HRBFA's reply memorandum, the Court issued its order denying HRBFA's motion for preliminary injunction at approximately 5:00 p.m. on January 24, 2006 (the "Denial Order").

5.    On the morning of January 25, 2006, HRBFA filed its Notice of Appeal from the Denial Order, and will be filing a motion for expedited briefing schedule and expedited treatment of HRBFA's appeal.

## HRBFA's Fed. R. App. Pro. 8(a) Motion

6.    As required by Federal Rule of Appellate Procedure 8(a), HRBFA now moves the Court for issuance of a temporary restraining order and preliminary injunction pending appeal.

7.    Specifically, HRBFA asks that the Court issue an order reinstating the terms of the January 13, 2006 Restraining Order to preserve the status quo and prevent irreparable harm to HRBFA pending the disposition of HRBFA's appeal.

## Defendants' Violations of Contractual, Statutory and Common Law Duties

8.    As set forth in HRBFA's previously filed papers, the Defendants have knowingly and intentionally violated the post-employment restrictions contained in their agreements with HRBFA by (a) removing, disclosing to a competitor, and exploiting for

competitive purpose the confidential and trade secret customer information of HRBFA, and (b) contacting and soliciting HRBFA clients they formerly serviced.

9.     In addition, the Defendants violated their duty of loyalty to HRBFA by beginning their campaign of soliciting HRBFA clients before they had even resigned from HRBFA, and while they were still acting as agents and registered representatives of HRBFA, and while Mr. Majkowski was HRBFA's Washington, D.C. branch office manager.

**HRBFA's Entitlement to Relief**

10.     On the basis of these facts, under the law set forth in HRBFA's memorandum of law in support of motion for temporary restraining order and/or preliminary injunction, and its reply memorandum in further support of motion for preliminary injunction, both of which are incorporated herein by reference, HRBFA is fully entitled to the relief it seeks against the Defendants.

11.     HRBFA has demonstrated a likelihood of success on the merits of its claims for breach of contract, misappropriation of trade secrets, breach of duty of loyalty and other claims.  The court has full power to grant HRBFA less than all of the relief otherwise provided for in the written agreements signed by the Defendants with HRBFA.  See, e.g., MICH. COMP. LAWS. ANN. §445.774a(1) ("To the extent any such agreement or covenant is found to be unreasonable in any respect, a court may limit the agreement to render it reasonable in light of the circumstances in which it was made and specifically enforce the agreement as limited."); Frontier Corp. v. Telco Commun. Group, Inc., 965 F. Supp. 1200 (S.D. Ind. 1997) (applying Michigan law under §445.774a(1)); Ellis v. James V. Hurson Assocs., 565 A.2d 615 (D.C. 1989) (holding that the court may grant less than all relief under a restrictive covenant, and remanding

with suggestion that the lower court consider further narrowing the relief granted to match the scope of relief sought by HRBFA in this case).

12.    HRBFA faces ongoing and irreparable harm from the continued improper solicitation of its clients by the Defendants, and from ongoing misuse of HRBFA client information to HRBFA's competitive disadvantage.  See, e.g., Merrill Lynch v. Bradley, 756 F.2d 1048 (4th Cir. 1985); Merrill Lynch v. Wertz, 298 F. Supp. 27, 34 (D.D.C. 2002) (citing Bradley and Merrill Lynch v. Stidham, 658 F.2d 1098, 1102 (5th Cir. 1981), and finding that "it is impossible to calculate the investments that would have flowed from the customers' accounts").

13.    Greater injury will be inflicted upon HRBFA by the denial of a temporary injunction pending appeal than would be inflicted upon Defendants by the granting of such relief.  Defendants will be free to accept business from any clients who wish to avail themselves of the opportunity to do so, and further are free to compete with HRBFA for the patronage of the public at large.  HRBFA, on the other hand, is threatened with the loss of an immeasurable amount of business, a loss of good will, a threat to office stability, the loss of confidence and trust of clients.

14.    The issuance of injunctive relief will serve the public interest in the enforcement of reasonable contracts and protection of trade secret business information.  Moreover, the to whatever extent the NASD may be said to have articulated the applicable public interest in these situations, it did so by essentially authorizing and approving of exactly the type of relief HRBFA sought in this case.  Specifically, in Interpretive Material 2110-7, the NASD prohibited NASD member firms from seeking injunctions that would prohibit a client from transferring his or her account following a broker's move to another member firm, but at the

same time the NASD expressly stated that nothing in the promulgation of IM-2110-7 prohibits enforcement of a non-solicit agreement:

> **The Interpretative Material does not affect ... the ability of member firms to use employment agreements to prevent former representatives from soliciting firm customers**.  The Interpretive Material is limited to restricting a member from interfering with a customer's right to transfer his or her account, once the customer has asked the firm to move the account.

NASD Notice to Members 02-07, circulating for comment IM-2110-7, see NASD website at http://www.nasd.com/web/groups/rules_regs/documents/notice_to_members/nasdw_003847.pdf.

15.    It is crucial that the Defendants be re-enjoined immediately in order to avoid irreparable harm to HRBFA.  Even a few days of solicitation and/or misuse of customer information threatens HRBFA with irreparable harm.  See Merrill Lynch v. Bradley, 756 F.2d at 1054.

16.    Defendants expressly consented in their agreements to the entry of injunctive relief enjoining them from breaching their agreements.  See Compliant, Exhibit "A" at ¶ 10; Exhibit "B" at ¶ 8(a); Exhibit "C" at ¶ 11.  A party's contractual agreement to comply with the terms of his/her contract pending arbitration is specifically enforceable.  See, e.g., Organizing Committee for the 1998 Goodwill Games v. Goodwill Games, Inc., 919 F. Supp. 21, 26 (D.D.C. 1995) (specifically enforcing performance pending arbitration where the parties' agreed to specific performance in the event of a material breach or threatened material breach).  See also RGI, Inc. v. Tucker Assocs., 858 F.2d 227, 230 (5th Cir. 1988).

WHEREFORE, Plaintiff respectfully prays that the Court **ORDER** and **DECREE** that:

1.    A Temporary Restraining Order and/or a Preliminary Injunction Order issue immediately, pending appeal, enjoining Defendants, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of

Defendants' current employer, SunTrust Investment Services ("SunTrust"), until hearing and thereafter until further order of the Court, from:

       (a)    contacting , soliciting or calling upon, any person or entity that was a customer of HRBFA, whom Defendants serviced or whose name became known to Defendants, while employed with HRBFA (the "Customers"), for the purpose of or in connection with selling any products or services similar to or in competition with those offered by HRBFA (excluding members of Defendant's immediate family);

       (b)    using, disclosing, or transmitting for any purpose, including solicitation or contacting of any HRBFA clients or prospects, the information contained in the records of HRBFA, including, but not limited to, the names, addresses, contact information and financial information of HRBFA's clients and prospects;

       (c)    destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Defendants' possession or control which were obtained from or contain information derived from any HRBFA records, which pertain to HRBFA customers or prospects, or which relate to any of the events alleged in the Complaint or Declarations filed in this action;

       (2)    Defendants, and anyone acting in active concert or participation with Defendants, including any agent, employee, officer or representative of Defendants' current employer, SunTrust, be further ordered to return to HRBFA's counsel, any and all records, documents and/or information pertaining to HRBFA customers, whether in original, copied,

computerized, handwritten or any other form, and including without limitation the names, addresses, phone numbers, fax numbers, e-mail addresses and financial holdings of such customers, and to purge any and all such information from their possession, custody, or control within 24 hours of notice to Defendants or their counsel of the terms of this Order; provided, however, that any information so purged shall be printed prior to purging and returned to HRBFA's counsel pursuant to the terms of this paragraph and consistent with the terms of paragraph 1(c) above.

(3)    The Order remain in full force and effect until such time as the Court of Appeals for the District of Columbia Circuit renders a decision on HRBFA's appeal;

(4)    That HRBFA's previously posted security in the amount of $100,000 shall remain in effect in support of this Order.

Dated: January 25, 2006                    Respectfully submitted,

                                                                /s/

                                                         _____
                                                         Robert C. Gill
                                                         Saul Ewing LLP
                                                         1025 Thomas Jefferson Street, N.W.
                                                         Suite 425W
                                                         Washington, DC 20007
                                                         (202) 295-6600 telephone
                                                         (202) 295-6700 facsimile
                                                         *Attorneys for Plaintiff*
                                                         *H&R Block Financial Advisors, Inc.*

Of Counsel:
Christopher P. Stief
Saul Ewing LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, Pennsylvania 19102
(215) 972-1965/7834 telephone
(215) 972-1941/1919 facsimile
cstief@saul.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 25th day of January, 2006, a true and correct copy of the foregoing

Plaintiff's Emergency Federal Rule of Appellate Procedure 8(a) Motion for Temporary

Restraining Order and Preliminary Injunction Pending Appeal and Incorporated Memorandum of

Law was hand delivered to:


Vernon W. Johnson, III, Esquire
Jackson & Campbell, P.C.
1120 20th Street, NW
300 South Tower
Washington, DC 20036



/s/
_____
Robert C. Gill